UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLARA D. TOMBARI,

                                  Plaintiff,

v.                                                       Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                                  Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Clara D. Tombari is a natural person residing in the County of Orleans and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a domestic business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt for student loans. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by the current creditor to collect on the subject debt.

13. That in or about June, 2009, Defendant attempted to contact Plaintiff at her place of employment. Defendant spoke with Dave Adams who is one of Plaintiff's superiors. Defendant stated they were trying to reach Plaintiff and left a call back number. Dave Adams sent an email message to Plaintiff regarding the call.

14. That in or about June, 2009, Plaintiff returned Defendant's phone call. Defendant NCO explained they were calling for a student loan debt, and wanted Plaintiff to pay $1,500 towards it. Plaintiff explained that at the moment she could not make any payments and requested that Defendant cease and desist all calls to her place of employment because such calls could get her fired. Defendant then stated that if she did not pay the debt, Defendant would put a lien on her home. Thereafter, the conversation was terminated.

15. That in or about July, 2009, Defendant again attempted to contact Plaintiff at her place of employment. Defendant again spoke with Dave Adams. Dave Adams sent a message to Plaintiff's direct superior Paul Snook, and Paul Snook sent an email to Plaintiff. Said email stated, "Dave Adams got a call again at the end of the week from Nikia regarding a debt they were trying to collect from you. She asked Dave this time to let you know that they will start garnishment on the debt."

16. That in or about August, 2009, Plaintiff returned the call from "Nikia." Nikia was not in the office and Plaintiff left a message on her voice mail stating that she was contacting a lawyer and for Defendant to stop calling her at work.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by disclosing to Plaintiff's superior that Plaintiff owed a debt.

    B. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) by contacting Plaintiff at work a place know to be inconvenient to Plaintiff, and which was prohibited by her employer.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5) by stating to Plaintiff that if she did not pay the subject debt a lien would be put on her house, and that they would start garnishment on the debt. Said actions were false, deceptive, and misleading statement because Defendant had neither the intent nor legal authority to take such actions.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 5, 2010

        /s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kirving@kennethhiller.com